UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MARCELLUS WASHINGTON<br>        Plaintiff | CIVIL ACTION<br>SECTION "P"<br>NO. CV04-0871 |
| VERSUS | |
| ROBERT M. TAPIA, et al.,<br>        Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion by plaintiff, Marcellus Washington ("Washington") for preliminary injunction that was filed on March 12, 2007. (Doc. Item 20). Washington previously filed a complaint on April 14, 2004 alleging violation of his constitutional rights by various corrections officers at the United States Penitentiary in Pollock, Louisiana ("USP - Pollock") for failure to afford him with appropriate mental health care. (Doc. Item 1). In his complaint, Washington sought punitive and actual damages as well as injunctive relief directing the defendants to comply with BOP Policy Statement 5324.03 and directing his transfer to a Federal Corrections Institute in Butner, North Carolina.

On May 18, 2004, Washington filed a letter with the court, which constituted an amended complaint, and, on May 24, 2004, he filed an amended complaint in conjunction with a motion for temporary restraining order and preliminary injunction. In the motion for temporary restraining order and preliminary injunction

("motion for TRO and preliminary injunction") Washington sought "removal from the bureau of prisons to a rehabilitation program for the mentally retarded, for his protection from any further retaliatory and capricious acts of staff/inmates, and for plaintiff's mental treatment, to prevent the accruing of further rights violations which have and will result in irreparable injury, damage, loss or death." (Doc. Item 5, p. 15).

On July 26, 2004, Washington's complaint and motion for TRO and preliminary injunction were dismissed.[1] (Doc. Item 15). Thereafter, Washington filed an appeal with the United States Court of Appeals for the Fifth Circuit, and that appeal was dismissed on August 3, 2005 for want of prosecution. (Doc. Item 19).

The motion currently before the Court is a fifty-five (55) page motion for injunctive relief which recounts the allegations set forth in the aforementioned complaint, amended complaints and motion for TRO and preliminary injunction. (Doc. Item 20). Though Washington contends he seeks to enjoin numerous former and current employees of USP - Pollock,[2] Ronald G. Thompson, regional director

---

[1] Claims associated with alleged delay or denial of psychological treatment in April 2002 were dismissed with prejudice and remaining claims were dismissed without prejudice.

[2] As Washington is presently confined in the United States Penitentiary in Florence, Colorado any claims for injunctive relief as to USP - Pollock employees are moot. Herman v. Holiday, 238 F.3d 660, 665 (5th Cir 2001), citing Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991); Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988), citing DeFunis v. Odegaard, 416 U.S. 312, 94 S.Ct. 1704, 40

of the Bureau of Prisons ("BOP"), and "the administrative remedy section of the BOP", he states no act or acts he seeks to enjoin. Rather, he seeks to have this court vacate its judgment, dated September 20, 2004, and grant the relief he requested in his prior complaints.

Injunctive Relief

Rule 65 of the Federal Rules of Civil Procedure provide, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

In order for Washington to obtain a preliminary injunction, he must show: (1) a substantial likelihood that his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) that the court granting the injunction will not disserve the public interest. Lake Charles Diesel, Inc. v. General Motors Corp., 328 F.3d 192, 196-197 (5th Cir. 2003), citing Canal

---

L.Ed.2d 164 (1974); Savidge v. Fincannon, 836 F.2d 898 (5th Cir. 1988).

Auth. v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974); Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991), citing Allied Marketing Group, Inc. v. CDL Marketing, Inc., 878 F.2d 806, 809 (5th Cir. 1989).

Washington fails to articulate any conduct by the named defendants which he seeks to enjoin and fails to meet the requirements set forth above. The facts, as set forth by Washington are the same as those previously asserted. Therefore, it is unlikely his claim would succeed on the merits. Further, these facts do not show that there is a substantial threat of irreparable injury to him if this request for injunctive relief is not granted, that the threatened injury outweighs the threatened harm the injunction may do to the opposing party, or that the court granting the injunction will not disserve the public interest. Accordingly, his motion should be denied.

Monetary Damages

The punitive and compensatory damages Washington seeks are not the type appropriately sought through a motion for injunctive relief. To the extent Washington seeks monetary damages, he would need to file a new complaint seeking damages. However, a repetitive complaint asserting allegations regarding denial or delay of psychiatric care in April 2002 would be dismissed based upon the doctrine of res judicata.

4

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Washington's motion for injunctive relief be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this 26th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE